IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JONATHAN D. ROSE, M.D., PH.D., an individual, | § § § |
| *Plaintiff*, | § § |
| v. | § § Civil Action No.  SA-13-MC-556-XR § |
| MICHAEL ENRIQUEZ, an individual, et al. | § § |
| *Defendants*. | § § |

**ORDER**

On this date the Court considered Movant Jonathan D. Rose's Motion to Compel Foreign Subpoena (docket no. 1).

**Background**

Movant Jonathan D. Rose sued Michael Enriquez, among others, in the United States District Court for the Central District of California. *Rose v. Enriquez*, No. CV 11-07838-DDP (AJWx) (C.D. Cal. Feb. 28, 2013).  On February 28, 2013, Movant's claim before that court was reduced to a judgment in the amount of $3,400,000, exclusive of costs and fees. *Id.*; Docket no. 1, Ex. A, Judgment.  Movant now moves for a motion to compel the deposition of Andrea Mata, mother of judgment debtor Mr. Enriquez.  Ms. Mata is a resident of San Antonio, Texas.  In his motion before this Court, Movant alleges that Ms. Mata may have received funds from Mr. Enriquez that should have been used to satisfy the judgment.

**A. Procedural History**

In April 2013, Movant sought a third-party subpoena under Rule 45 of the Federal Rules of Civil Procedure, commanding Ms. Mata to appear for a deposition in San Antonio, Texas. Docket no. 1, Ex. C.  The subpoena was issued by the United States District Court for the Central District of California and personally served on Ms. Mata. *Id.*  Ms. Mata was also tendered $47.57 as the fee for her attendance and mileage. *Id.*  However, on the day before the scheduled deposition, Movant's counsel asserts that a San Antonio attorney called him, stated that he represented Ms. Mata, and requested that the deposition be rescheduled for a later date. Docket no. 1, at 3.[1]  Movant's counsel further asserts that Ms. Mata's attorney agreed to accept service of an Amended Subpoena on her behalf. *Id.* at 3, Ex. D.

Ms. Mata's deposition was rescheduled for May 3, 2013, through a second subpoena issued by the United States District Court for the Central District of California. *Id.*, Ex. D.  This subpoena was allegedly served upon Ms. Mata's counsel via email. *Id.* at 3.  However, according to Movant's motion, the day before the deposition, Ms. Mata's counsel called Movant's counsel and stated that Ms. Mata would not appear at the deposition and that he would no longer be representing Ms. Mata. *Id.*  Ms. Mata's counsel allegedly explained that Ms. Mata had new counsel from California. *Id.*  According to the motion, Ms. Mata's new counsel never contacted Movant, and Ms. Mata never appeared for her deposition. *Id.*

Movant then sought an order from this Court to compel the deposition of Ms. Mata.  On June 6, 2013, District Judge David A. Ezra, denied Movant's motion because the subpoenas issued were facially invalid. *Rose v. Enriquez*, SA-13-MC-396-DAE (W.D. Tex. June 6, 2013).

---

[1] Movant's counsel has not submitted to the Court an affidavit swearing that the factual statements contained in the motion to compel are true.  Nevertheless, if the allegations are true, counsel would be the party with personal knowledge.  Moreover, counsel certified—by signing the motion to compel—that the statements contained therein were well-grounded in fact. FED. R. CIV. P. 11(b); *See F.D.I.C. v. LeGrand*, 43 F.3d 163, 171 & n. 7 (5th Cir. 1995) (finding that where movant's counsel signed a motion for contempt and after a hearing and consideration of two tangential affidavits from which non-compliance could be inferred, the movant had shown by clear and convincing evidence that respondent failed to comply with a court order).

The subpoenas were issued by United States District Court for the Central District of California, when they should have been issued by this Court. *See* FED. R. CIV. P. 45(a)(2)(B) ("A subpoena must issue as follows: for attendance at a deposition, from the court for the district where the deposition is to be taken[.]")

On June 7, 2013, Movant received a subpoena issued by this Court, commanding Ms. Mata to appear for a deposition at Movant's counsel's office in San Antonio, Texas, on June 25, 2013. Docket no. 1, Ex. B. The subpoena was served on Ms. Mata, and she was tendered $64.63 for her attendance and mileage. *Id.* Movant asserts that Ms. Mata did not attend her deposition on June 25, 2013. *Id.* at 2. The next day, Movant filed his motion to compel.

The Court referred Movant's motion to Magistrate Judge Henry J. Bemporad, who granted Movant's motion on July 12, 2013. Docket no. 2. In his order, Judge Bemporad required Ms. Mata to show cause why the facts of her contempt should not be certified to the District Court. Judge Bemporad stated that Ms. Mata could make this showing by appearing for a deposition within seven days of his order. *Id.* The order was mailed to Ms. Mata. Docket entry for July 12, 2013 (stating that in accordance with the Court order a copy was mailed to Ms. Mata at 25926 Peregrine Ridge, San Antonio, TX 78260). On July 22, 2013—10 days after the order was entered—Movant filed an advisory with the Court informing it that Ms. Mata had not contacted Movant's counsel and had not appeared for a deposition.

## Discussion

### A. Motion to Compel

"The scope of postjudgment discovery is very broad to permit a judgment creditor to discover assets upon which execution may be made." *F.D.I.C. v. LeGrand*, 43 F.3d 163, 172 (5th

Cir. 1995)." Indeed, Federal Rule of Civil Procedure 69(a)(2) permits a judgment creditor to obtain discovery from "any person" in the aid of judgment or execution. FED. R. CIV. P. 69(a)(2); *British Intern. Ins. Co., Ltd. v. Seguros La Republica, S.A.*, 200 F.R.D. 586, 590 (W.D. Tex. 2000) ("There is no doubt that third parties can be examined in relation to the financial affairs of the judgment debtor.") (citations omitted). Given this wide latitude in obtaining discovery, Movant was within his rights to seek discovery from Ms. Mata regarding alleged transfer made by Mr. Enriquez in an effort to avoid paying his judgment. *See NML Capital, Ltd. v. Excelerate Energy, LLC*, 4:08-MC-0574, 2011 WL 10618710, at *4 (S.D. Tex. Feb. 8, 2011) (allowing third-party discovery on past and future transactions made between the third-party and a judgment debtor).

In furtherance of postjudgment discovery, Movant sought to depose Ms. Mata through a foreign subpoena. After two failed attempts, his latest subpoena commanded Ms. Mata to appear on June 25, 2013 at the office of Movant's counsel in San Antonio, Texas. Docket no. 1, Ex. B. The subpoena was correctly issued by the United States District Court for the Western District of Texas. *See* FED. R. CIV. P. 45(a)(2)(B) (requiring that a subpoena be issued "from the court for the district where the deposition is to be taken"); *Rose v. Enriquez*, SA-13-MC-396-DAE (W.D. Tex. June 6, 2013) (finding Movant's earlier subpoenas facially invalid and declining to enforce them, where the subpoenas were issued by the United States District Court for the Central District of California). Ms. Mata was served and tendered a fee for her attendance and mileage. Docket no. 1, Ex. B; *see* FED. R. CIV. P. 45(b). Ms. Mata did not move to modify or quash the subpoena. FED. R. CIV. P. 45(c)(3). Thus, the Court finds Movant's subpoena to Ms. Mata, commanding her to appear for deposition on June 25, 2013, to be facially valid.

A party may compel a response from a deponent who fails to answer. FED. R. CIV. P. 37(a)(3)(B)(i). Movant filed a motion to compel, alleging that Ms. Mata failed to appear for her deposition.  Movant's counsel, who had personal knowledge, signed the motion certifying to the Court, under penalty of sanctions, that Ms. Mata was absent from her scheduled deposition. *See* FED. R. CIV. P. 11 (requiring an attorney sign every pleading, through which the attorney certifies that "to best of the person's knowledge, information, and belief . . . the factual contentions have evidentiary support").  Ms. Mata failed to respond, within 7 days of the filing of the motion or since. *See* W.D. TEX. RULE CV-7(e)(2) (stating that a response to a nondispositive motion shall be filed not later than 7 days after the filing of the motion, or the Court may grant the motion as unopposed).  On these facts, Magistrate Judge Bemporad granted Movant's motion to compel. Docket no. 2; *see F.D.I.C. v. LeGrand*, 43 F.3d 163, 168 (5th Cir. 1995) (holding that a district court may properly refer a postjudgment discovery dispute to a magistrate judge, who may then rule on it).

**B. Sanction**

"[C]ourts have inherent power to enforce compliance with their lawful orders through civil contempt." *Spallone v. United States*, 493 U.S. 265, 276 (1990) (citations omitted); *In re Bradley*, 588 F.3d 254, 265 (5th Cir. 2009) (noting that "while the criminal contempt power is limited by 18 U.S.C. § 401, civil contempt remains a creature of inherent power.")  Civil contempt can be used to coerce the contemnor into compliance with a court order or to compensate another party for the contemnor's violation. *Id.* at 263.  To establish civil contempt, three elements must be shown by clear and convincing evidence: (1) that a court order was in effect, (2) that the order required certain conduct by the respondent, and (3) that the respondent

failed to comply with the court's order." *Id*. at 264; *Am. Airlines, Inc. v. Allied Pilots Ass'n*, 228 F.3d 574, 581 (5th Cir. 2000). "To determine compliance with an order, the court simply asks whether the respondent has [complied]. If he has not, the burden shifts to the respondent to rebut this conclusion, demonstrate an inability to comply, or present other relevant defenses." *F.D.I.C. v. LeGrand*, 43 F.3d 163, 170 (5th Cir. 1993) (citations omitted).

A subpoena to appear at a deposition is a court order. *United States v. Bryan*, 339 U.S. 323 (1950) ("A subpoena is a lawfully issued mandate of the court issued by the clerk thereof. It is the responsibility of every citizen to respond to this mandate"). When a non-party is properly served with a subpoena for a deposition, the non-party is required to either object to the subpoena or attend the deposition. *Francois v. Blandford*, Civ. A. No. 10-1330, 2012 WL 777273 (E.D. La. March 7, 2012) (citing *Tranchant v. Environmental Monitoring Serv.*, Inc., No. 00–2196, 2001 WL 1160864, at *2 (E.D. La. Oct. 2, 2001)). "If the non-party does neither, the non-party may be held in contempt." *Id*.; *see also* FED. R. CIV. P. 45(e) (providing that the Court "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena").[2] Attorney's fees and costs may be assessed against a non-party for failure to appear at a deposition. *Blandford*, 2012 WL 777273, at *3 (citing *Tranchant*, 2001 WL 1160864, at *2).

Movant's motion demonstrates that Ms. Mata was personally served with a subpoena within the jurisdiction of this Court that directed her to attend a June 25, 2013 deposition at

---

[2] *In re Rosenthal*, 2008 WL 983702 (S.D. Tex. 2008) ("if a person disregards a subpoena and fails to comply without filing timely objections, the person may be found in contempt of court regardless of whether [an additional] court order is in effect"); 9 Charles R. Richey, Moore's Federal Practice § 45.62[3] (3d ed. 2007) ("Because the subpoena is an order of the court . . . contempt sanctions are available merely for the initial disobedience of the subpoena, and a prior court order compelling compliance with the subpoena is not invariably required."); *see also Pennwalt Corp. v. Durand-Wayland, Inc*., 708 F.2d 492, 494 (9th Cir. 1983) ("A subpoena [under Rule 45] is itself a court order, and non-compliance may warrant contempt sanctions."); *Fisher v. Marubeni Cotton Corp*., 526 F.2d 1338, 1341 (8th Cir.1975) ("Failure by any person without adequate excuse to obey a subpoena served upon him may be deemed a contempt of the court from which the subpoena issued.").

Movant's counsel's office in San Antonio, Texas.  The Court has reviewed the subpoena and finds that it complies with Federal Rule of Civil Procedure 45.  Through the subpoena, the Court ordered Ms. Mata's attendance at the deposition.  Thus the Court finds her in contempt if she failed to attend without excuse.

## Conclusion and ORDER

The Court ORDERS Andrea Mata to appear before the Court for a hearing on **Tuesday, November 19, 2013 at 9:30 a.m. at the John H. Wood, Jr. United States Courthouse, 655 E. Cesar Chavez, San Antonio, Texas 78206 (Courtroom 3)**, at which time she must demonstrate why she should not be held in contempt of Court for failing to comply with the subpoena to appear for deposition on June 25, 2013.

Ms. Mata is ORDERED to cooperate with Movant to schedule a deposition and to appear for deposition before November 19, 2013. If Ms. Mata attends her deposition before November 19, 2013, the Court will consider any contempt purged, will cancel the hearing, and will not award sanctions.  However, if Ms. Mata fails to attend her deposition by November 19, 2013, she must appear for the hearing before the Court on November 19, 2013 at 9:30 a.m.

The Clerk is directed to mail a copy of this Order to Andrea Mata by regular mail at 25926 Peregrine Ridge, San Antonio, Texas 78260.

It is so ORDERED.

SIGNED this 31st day of October, 2013.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE